May it please the court. Leonid Trapp, Sullivan and Cromwell, appointed pro bono counsel for plaintiff appellant Eileen Shavelson. I'd like to reserve two minutes of my time for rebuttal please. Keep track the clock counts down. Thank you. Ms. Shavelson, a pro se and disabled plaintiff, alleges that after her landlords illegally discriminated against her, defendant state officials, instead of properly investigating that discrimination, themselves discriminated against her and intentionally sabotaged their investigation, resulting in her loss of her housing and loss of her benefits. Well, she doesn't actually allege that. Isn't that part of the difficulty here? Perhaps she could allege it, but the complaint that was filed doesn't really allege that, does it? Your Honor, I think the complaint construed liberally, as it must be because she's a pro se plaintiff giving her the benefit of every doubt, does state that the commission officials handled her investigation in a biased and discriminatory fashion. She says that twice. She also says that they retaliated against her, that they conducted a grossly inadequate investigation. Well, those are three different things and maybe it doesn't make a difference. Maybe the only issue is whether or not your client should be allowed to amend her complaint to make an equal protection claim, but do you think the at least, if the district court dismissed the complaint without prejudice would leave to reamend, would it have made an error? I know it wouldn't have been a reviewable error, but would it have made an error? Your Honor, it's our position that the complaint construed liberally does do enough to state a claim under Section 1983, but I think at the very least, the law is clear that to the extent there were pleading deficiencies that defendants raise now, those deficiencies had to be pointed out to plaintiff, had to be explained, and she had to be told what more she needed to do to, in effect, get the complaint over the fence. Let me ask you one more question on this point. You say she could plead a 1983 claim, but she tried to plead a due process claim and various other claims. What 1983 claim do you think she could plead or, in your view, was properly pled? Your Honor, I think first a violation of the Equal Protection Act. In later filings, which defendants agree in their supplemental answering brief . . . When you say Equal Protection, I mean, what kind of class is she a member of? In later filings to the District Court, which defendants agree have to be considered in deciding whether to give leave to amend, she says that defendants gave a preference toward the Japanese landlord discriminator and in other filings says that they discounted her word and her testimony and the word of her main witness because they were Jewish. Because of race. Exactly, race and religion, Your Honor. If she were just to plead those facts, would that survive Iqbal Twombly? Your Honor . . . Or would there have to be something more to make it was doing? Well, Your Honor, that's a question that you don't necessarily have to reach. Well, I ask it because you thought that the complaint, as pleaded, survived a motion to dismiss and I'm trying to figure out . . . It's one thing to say we ought to give her a chance to amend. It's another thing to say that she can amend. Your Honor, again, it's not just the complaint. It's all the filings together. Right. If you take those together and you construe them liberally, give her the benefit of every doubt, as this Court has been clear must be done, I think that it is enough to state that the defendants here discriminated against her and her witness because they are Jewish. But what pleaded facts would make that plausible if we were dealing with . . . since we have to deal in the world of Iqbal and Twombly, what pleaded facts would make that plausible? Well, I think this is where it relates to the due process claim, Your Honor, and the two claims really . . . the facts underlying both are related. She alleges that they, very intentionally, didn't consider her evidence or her testimony, sided at every instance with the landlord discriminator, and taken together with her explanation that this was biased and discriminatory and because she was Jewish, I think that's enough to state an equal protection claim and allow her to get discovery. Of course, the District Court can manage that discovery process, but to get her the discovery so she could prove that she was, in fact, discriminatory. Well, I guess you're one step farther than you need to go. All you really want to do is to be able to file an amended complaint. Whether the District Court dismisses that amended complaint for failure to state a claim because there's . . . it's not plausible or not is not an issue now in front of us, right? That's right, Your Honor. The law is very clear that . . . So what happens if she goes . . . if we agree with you and we say that there is, at the least, a possibility of amending the complaint to state an equal protection claim, will she be represented when she goes back to the District Court? Your Honor, I can't make any representations as to that. I don't know if she'll be represented. She certainly will look for counsel and . . . But the extent of your representation, pro bono, is only on the appeal. That's correct. My representation is on appeal. I'm not admitted to the District Court. And you see the difficulty that I'm worried about. The difficulty I'm worried about is if we get a complaint next time through that says what her supplemental pleadings say, and I were a district judge, I might well think that failed the plausibility standards and dismiss it again. And so I'm worried that we may get ourselves involved in a useless cycle here, if you will. Sure, I understand those concerns, Your Honor. But the District Court is requiring the law to hold her hand a little bit and help her understand what she needs to do to plead a complaint. She makes very, very serious allegations here and serious claims. She should be notified of what she can do feasibly to add the necessary meat to those bones. The District Court, instead of holding her hand and giving her those opportunities, really did the opposite. One week before the only hearing that was scheduled in this case, the District Court canceled it on the grounds that I know everything that's at issue here. I don't need to look at it. And then, later on, when Ms. Chabelson filed a motion for consideration and really added a lot of detail, the District Court just relied on its prior opinion, summarily. So, just so that I'm clear from this record, you're not, because there's two sets of briefs, and you're not challenging the dismissal of the claim against the HCRC? Your Honor, I am not making that argument. Okay, you're not. I understand that your client filed a brief doing that. Exactly. And you're also not urging a Sixth Amendment claim? I am not, but certainly her briefs speak for themselves. I understand. I just wanted to figure out which ones you were urging and which one she was urging. Your Honor, and I can also address the due process claim, if you would like. I think the District Court may need guidance on that, if this comes up. Well, it would be helpful to me, because I'm not sure what the due process claim is. Is there some requirement in the Fourteenth Amendment that a certain amount of investigation must be put into a complaint? I understand your bias claim. Right. They didn't investigate because they were biased. It may or may not be true, but let's assume they were unbiased. Would you still have a due process claim? Your Honor, under Roth, you looked for a property interest, which is really the key. What's her property interest? The property interest is she has a legitimate claim of entitlement to an investigation that meets the bare minimum standards of due process. Where do you get that from? One source that we get that from, and Roth allows you to look at a variety of sources. One source is the agreement between HCRC and HUD that basically provides the key funding to HCRC. It requires a consideration of all evidence that the HCRC officials show respect to both litigants, that it cannot act as an advocate for one side, which is exactly what Ms. Shavelson alleges the HCRC did here. In this case, as I understand it, the difference between a cause and no cause determination in purposes of her suing is irrelevant. As long as she gets some determination from the Commission, she can sue. Sure, Your Honor. And she has sued? Yes, Your Honor. What's the status of that lawsuit? Your Honor, there were service issues involving the complaint and other filings, and my understanding is that it's still pending. So could the Commission simply say, we're very busy and this one doesn't strike us as important as some of the other ones we have, and therefore we're just going to issue a quick no-cause determination and let her go on her business? Your Honor, I submit that they cannot. That would violate the due process. There's no quarrel that there are different amounts of due process that are owed in an adjudication versus an investigation, but it's a leap from there to say that you are owed no due process at all in investigation, which is what defendants urged this court to rule. And this is not a radical proposition. I mean, we cite cases from the Southern District of New York and the Eastern District of Pennsylvania that find the due process interest implicated here. The sky has not fallen in those districts, contrary to policy arguments of the other side, and it maintains a certain minimum level of due process and provides redress in the most egregious instances. We've taken you down to 11 seconds. Do you want to save? Yes, Your Honor, I'll save my 11 seconds. Thank you very much. We will give you a chance to respond. Good afternoon, Your Honors, and may it please the Court. Ewan Rayner on behalf of the Hawaii Civil Rights Commission. Now, plaintiff's appeal raises, really raises, two issues here. First is whether plaintiff has or can allege constitutionally protected property interests sufficient to support a due process claim. And secondly, whether the District Court should have allowed plaintiff... Firstly, whether plaintiff pled an equal protection claim and whether the District Court should have allowed plaintiff to amend her complaint to attempt to plead an equal protection claim. And I'd just like to briefly address the due process issue before I move to the equal protection issue. Now, we've already argued extensively in our briefs that plaintiff has no constitutionally protected property interest, either in a reasonable cause determination or the investigation, and the Commission stands by those arguments. But there's just... There is one point I would like to make here, is that the Court doesn't even really need to reach the question of in what circumstances there might be a protected property interest in an investigation or a reasonable cause determination. Because under the facts of this case, plaintiff, in fact, wasn't entitled to anything from the Commission. Because under the Commission's own rules, specifically Hawaii Administrative Rule 12-46-11A, which is cited in our original answering brief, when the plaintiff files their own lawsuit against the landlord who are being accused of discrimination, the Director of the Commission has absolute discretion to dismiss the complaint at any time from that point. The reason for that is that the whole purpose of the Commission is to assist plaintiffs or complainants who have legitimate claims of discrimination against their landlords, either in an administrative proceeding or in the... Can I interrupt and maybe take you down a slightly different path on the due process claim? It seems to me that the due process claim and the Equal Protection Claim are bound up with one another. Her allegation, if you take the complaint and the other documents, is that she's been badly treated by the Commission because she's a Jew and the Japanese-Americans are treated better. Now, that I think, if true, states an Equal Protection Claim, but it probably also states a due process claim because as a matter of due process, she has a right to an unbiased fact finder. In fact, the argument that I'm trying to make is that, in fact, plaintiff didn't have a due process claim, doesn't have a due process entitlement to an investigation, period. And I just... Does she have a due process claim to being treated equally by an unbiased fact finder or adjudicator? Well, I think that would encompass the Equal Protection Claim. I ask you a different question. Does she have a due process claim to be free of an unbiased adjudicator? No, but I would admit... I think I disagree with you on that point. Well, my position would be that, or the Commission's position would be, the plaintiff certainly has an Equal Protection Claim to an unbiased determination. Certainly, that is a claim that is possible to state. The U.S. reports are filled with arguments where the judge, usually it's a judge, usually it's not an administrator, but the judge, Tomey v. Ohio, the judge had an interest in the fines. It was a biased fact finder, and court says that's a violation of due process. So I don't see how you can say it doesn't matter that this might be a biased fact finder with respect to due process, and that it's only an Equal Protection Claim. It may come down to the same thing, can she prove the bias? But I think she can probably prove both, if she can prove the bias, both an Equal Protection and a due process claim. Well, again, so just to reiterate the due process argument, the Commission's position is that, because plaintiff filed her lawsuit on April 17th, 2013, before the Commission even completed their investigation, plaintiff essentially waived any right to any further investigation, because under the Commission... Well, but does she have a claim that the investigation up till that point was biased? No, because she doesn't have any constitutionally protected property interests. Well, but we can then get back, and I'm not sure it matters, as Judge Fletcher says, but let's assume that the Commissioners all came in, and without regard to race or religion, simply said, we don't like this lady, and therefore we're not going to investigate her claim, or give her a fair adjudication. Would that be a due process violation? No, it would not be a due process violation, because plaintiff did not have... And we are going to treat everybody else this way, and we're going to treat her unfavorably. Is that a due process violation? That would be an equal protection argument, sir. Right, but that's not my question. Is that a due process violation? I do not think so. Okay, so what's... We can agree to disagree on that point, I think. Whether or not it makes a difference, let me turn to the equal protection argument. Let's assume she'd filed a pro se complaint that said, essentially, what her motion for reconsideration says, which is that I was unfairly treated because the landlord was Japanese-American, and I'm Jewish, and they favor Japanese-Americans, and they discriminate against Jews. Well, if she said that in her initial complaint, no more facts than that, wouldn't the judge at least have to give her another chance to allege it? I think if plaintiff properly alleged it against the individual... Well, I know, but let's not be... We have a pro se litigant here. If she just said that, and as a judge I might say, no, no, that's not good enough. You've got to talk about the individuals, not just the Commission, and you've got to have more facts than that, but that's not the issue. The issue is whether she ought to get a chance to try to plead that. It may be a Rule 11 violation if she pleads it, which may be why Council doesn't want to represent her in the next stage. I don't know, but that's not the issue. The issue is, should she be given a chance to plead it? Well, I certainly think under the allegations, and you referenced the motion for reconsideration... Right. Well, she says those things in the motion for reconsideration. What she says in the motion for reconsideration specifically says she's trying to hold the Commission itself for their retaliation. Oh, sure. I understand, and she doesn't, may not understand that under 1983 you can't sue state entities, and perhaps you can only sue individuals, but those are exactly the kinds of things. Explain why the pleading is insufficient and tell the litigant what she must do to make it sufficient. Well, certainly, I think if the District Court determined that the plaintiff's intent was to do that, then yes, the District... Well, what if we determined it was plaintiff's intent to do that? What if we determined it was plaintiff's intent to do that? Well, it is the... I do acknowledge the standard of view is de novo, and so that would suffice. This Court would have to remand, and the District Court would be obligated to give a chance to amend, but I do think throughout the additional filings the plaintiff made after the state's motion to dismiss, I don't think it is just a case of poorly pled facts or just a case of technical difficulties in the pleading. I think it's from... and by my count, I think there are four filings plaintiff made after the state's... the Commission's motion to dismiss, in which she made substantive arguments as to why the complaint shouldn't be dismissed, and I think throughout all of those pleadings, plaintiff made it, or at least to the extent that she alleged any discrimination, the claim she was trying to make was against the Commission in a very general sense, and in fact, what she stated was in probably, I think, the most expansive filing, which was the July 20th filing, was that it was the Commission and other Hawaii state agencies and Hawaii courts who had, in general, been biased against or biased in favor of... Isn't the Commission made up of its members? I mean, I understand she can't sue the Commission and she can't sue state agencies and the courts, but isn't the... I mean, the Commission is made up of its members. Even taking your point, I'm reading from PASER 16, she says, because the HCRC defendants, it sounds like we're talking about individuals, deliberately threw the case to the winds in order to biasly rule in favor of Japanese defendants. It sounds as though she's talking about individuals. Well, even if the court were to take that view, what the plaintiff has to show to prove an apical protection claim... Oh, she may lose summarily. Her complaint may get dismissed because it's implausible. It may be that on summary judgment, even without discovery, she will still have a claim. I should have said to allege an equal protection claim. But it's to allege. What plaintiff had to allege to state an equal protection claim is that the individuals were personally, had a personal bias and were personally involved in the discrimination. And throughout all of the filings plaintiff made in the district court, she hasn't showed any ability or indeed any intent to articulate a claim against the individuals, which is necessary for an equal protection claim. And because of that, if those are the claims that the plaintiff alluded to in those filings, if those are the claims that she intends to make in an amended complaint, they would not survive a motion to dismiss and amendment would therefore be futile. And so we ask this court to affirm the district court. Thank you. Now we took you right up to, I think at the end, eight seconds. Let's put a minute on the clock so you have a chance to respond. Sure, Your Honors. I think you've addressed all the relevant issues regarding defendant's point that she hasn't expressed an ability or an intent to state claims against the individuals. I would really dispute that, Your Honors. If you take all her papers and you review them carefully and pointing to the document specifically, the Judge Fletcher you just raised, she raises very serious questions about very, very serious misconduct by the individuals at the HCRC. Those questions she was never able to explore or get answers either at a hearing or in an opportunity to amend or in any other manner. And this court's law is clear that that is improper and that at the very least . . . To respond to what your opponent said, and you think those kinds of actions amount to both an equal protection violation and a due process violation? Your Honor, I do. I think as this panel has touched upon in their questioning, an impartial, unbiased decision-maker, at least the very bare minimum of an adequate investigation is really . . . Separate the two for a second because I'm interested in what your opponent said. The determination seems preordained by their rules. Once you file a lawsuit, they hadn't made a no-cause determination when your client filed their suit, right? Your Honor, I'm not sure the exact timing. Yeah, I'm pretty sure. They had submitted at least an indication that they were going to give . . . Right, but they hadn't made a no-cause determination. Your Honor, again, that's sort of the kind of technicality that . . . Well, no, it's not a technicality in this sense. I'm trying to figure out what you're claiming an interest to, an unbiased investigation or an unbiased adjudication, and if the adjudication is preordained by your clients, in effect, prematurely filing the lawsuit, then we're only focused on the investigation. Your Honor . . . That's why I'm trying to figure out what the sequence here is. We are focused on the investigation. She alleges that the investigation . . . Okay, so now to go back to, and maybe this goes back to Judge Fletcher's questions before, do you have a right to an unbiased investigation by the police? I believe . . . You have a right to an unbiased adjudicator. That's for sure a due process right, but I'm not sure there's a due process right for the executive branch to investigate your complaints. Your Honor, I'd have to, as Roth tells us, I'd have to look at what the sources are that give you that expectation, that really gives the HCRC its funding, and the regulations that govern the HCRC's application of laws. But isn't part of the question, what is the purpose and the consequence of the HCRC, you know, report of an investigation? It almost has no consequence at all, does it? Your Honor, I disagree with that. If it has no consequence and no purpose, then it really shouldn't exist. I think it has no consequence. Consequence does it have for, you know, any person, say, who brings a complaint before the HCRC and the HCRC denies it? For a pro se, disabled claimant like the one here, it means all the world about having an agency come in and really do doubtless discrimination. What does it mean in the result? It means, doesn't mean, you know, that that person can't sue in court, does it? The person can sue in court. So what does it mean? What does it, does it disable that person from doing something? Does it take away some right, you know, that the investigation itself is supposed to give that person? I think it does, Your Honor, on both a practical and a legal level. Well, tell me on the, well, either, go ahead. On the practical level, a pro se disabled claimant like the one here is not going to be able to sue a more sophisticated, more resourced discriminator, whether an employer or a landlord or any other kind. And this, the HCRC is set up exactly for that purpose, to... For what purpose is that purpose? To give under-resourced claimants and plaintiffs the ability to root out discrimination in the state of Hawaii. Because there is a... Yes, but if you get to the, if you get to the legal function, it's, it's really kind of a screening function, isn't it? It is a screening function, and if that screen goes... What, I mean, what right is, you know, jeopardized by a, you know, you know, let's say a racially biased investigation? Well, Your Honor, in that case, on the equal protection side... No, we're talking about due process. Well, if it's a racially biased investigation, then... It has nothing to do with due process, does it? I think, again, the bare minimum of due process is an would be lost and missing in the example you provide. And there's a, there's a separate harm. There's an... The cases that say a person has a due process right against that kind of action is because they're involved, usually involuntary, in a proceeding that has some consequences. This proceeding has no consequence. What's the consequence to the petitioner? The consequence, Your Honor, is that she has to litigate this case by herself without any... Well, she has to do that anyway. No, if the investigation had been conducted properly, we submit that there could have been either an adjudication or an informal remediation, which the HTCRC is unable to do. And in either course, the discrimination would have ended. So she's entitled to some kind of an informal resolution? I mean, that's a legal right? Is that what you're saying? No, Your Honor, she's entitled to the bare minimum of a fair and partial investigation. Oh, but you're just going back and, you know, that fair and formal investigation by the HTRC. Being deprived of the procedural due process, is it in itself... It's easy to see that, you know, in a criminal prosecution because the person is convicted of a crime when he or she shouldn't be. But here, it means, you know, you still get a right to sue letter, right? You still get a right to sue letter, but that... What's the consequence? The legal consequence out of the due process violation that you, you know, that your client claims existed at the HTRC. Again, Your Honor, I submit that if an investigator can just say, in any case, as long as... that we will not investigate this... For instance, in Moon Court, you can say that, but, you know, it's not a due process violation. They say we will not investigate your claim because we don't like you. Right, but we'll still give you a right to sue letter. We'll still give you a right to sue letter. If that does not deprive you of anything worth keeping or worth enforcing by this court, then the HTRC investigations really have no purpose whatsoever. Right, so what... so my... that's my question. So what does it deprive you of? It deprives you of the ability to have your claim aired, looked through, and really given the investigation that all of these sources, state law sources, federal law sources, the agreement between HUD and the HTRC, tell you legitimately you are entitled to. Even though that telling itself has no consequence. It impacts no legal right. I submit, Your Honor, that you look for what a legitimate entitlement, and you look to the sources that reasonably give you that expectation of that entitlement, and here they give you a reasonable expectation that you will have an impartial adjudicator, an investigator in this case. I've taken up more than enough time on this. Okay, thank you. Thank both sides. Now, I understand, Mr. Trippe, you're doing this pro bono? Mr. Trapps, rather? I am. Well, I would like to thank you on behalf of the court. Pro bono work like this helps us very much. You've done a great service to us, and I will say the same thing to the lawyer for the other side, except you're being paid. But this is in no way telegraphing the result, but merely to say we're grateful for the pro bono assistance. The case is now submitted. Thank you, Your Honor.
judges: Tashima, W. Fletcher, Hurwitz